**UNITED STATES of America,
Plaintiff–Appellee**

**v.**

**Simon Casares RODRIGUEZ, also
known as Carmelo Ayala Perez, also
known as Simon Casares–Rodriguez,
also known as Carlos Barrios Guz-
man, also known as Carlos Barrios–
Guzman, also known as Jesus Coro-
na–Morales, also known as Sergio
Alama–Perez, also known as Sergio
Alama Perez, also known as Guzman
Carlos Barrios, also known as Simon
Rodriguez–Cazares, also known as Si-
mon Rodriguez, Defendant–Appellant.**

No. 12–20345
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 15, 2013.

Renata Ann Gowie, Assistant U.S. At-
torney, U.S. Attorney's Office, Houston,
TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public De-
fender, Timothy William Crooks, Assistant
Federal Public Defender, Margaret
Christina Ling, Assistant Federal Public
Defender, Federal Public Defender's Of-
fice, Houston, TX, for Defendant–Appel-
lant.

Before REAVLEY, JOLLY and DAVIS,
Circuit Judges.

PER CURIAM: *

Simon Casares Rodriguez appeals the
sentence for his conviction of illegal reen-
try following removal. He contends that
his 120–month sentence, a variance from
the 77–96 month guideline sentencing
range, is substantively unreasonable. Spe-
cifically, Rodriguez argues that his sen-
tence was substantively unreasonable be-
cause the district court did not take into
account his youth when he came to the
United States; the 24 months he spent in
state custody and one month he spent in
immigration custody after he was found by
immigration authorities in 2009; or the
fact that his longest previous sentence was
76 months of imprisonment, which he ar-
gues suggests that a sentence within the
guideline sentencing range would be suffi-
cient to deter him from committing any
further immigration offenses. Moreover,
Rodriguez contends, the district court
erred by failing to consider whether any
sentence of less than 120 months would
have been sufficient to satisfy the goals of
18 U.S.C. § 3553(a).

In reviewing a non-guidelines sentence
for substantive reasonableness, we consid-
er "the totality of the circumstances, in-
cluding the extent of any variance from the
Guidelines range." *United States v.
Brantley*, 537 F.3d 347, 349 (5th Cir.2008)
(internal quotation marks and citation
omitted). We also review whether the 18
U.S.C. § 3553(a) factors support the sen-
tence and give deference to the district
court's determination that the § 3553(a)
factors justify the variance. *Id.* "A sen-
tence is unreasonable if it (1) does not
account for a factor that should have re-
ceived significant weight, (2) gives signifi-
cant weight to an irrelevant or improper
factor, or (3) represents a clear error of

---

judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir.2007) (internal quotation marks and citation omitted).

Despite having incurred several convictions and having served more than six years in prison, Rodriguez illegally reentered the United States for the sixth time, a federal felony offense, 8 U.S.C. § 1326(a), and committed robbery, a Texas state criminal offense, for which he served two more years of imprisonment. Moreover, Rodriguez's previous convictions suggest a history of violence and his six illegal reentries into the United States demonstrated his indifference to federal immigration law. It was not an abuse of discretion for the district court to weigh heavily the nature and extent of Rodriguez's criminal history, the ineffectiveness of the punishments previously imposed to deter criminal behavior, and the need to protect the public from Rodriguez. Rodriguez's arguments as to his age when he first entered the country; the length of his previous sentence; the time he spent in state custody and immigration custody; and the consideration of sentences lower than 120 months of imprisonment are unavailing.

AFFIRMED.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.